UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

WESLLEY BARBOSA, and other similarly situated individuals, )
)
)
Plaintiff(s), )
)
v. )
)
PURA VIDA MIAMI LLC, a Florida company; PURA VIDA HQ LLC, a Delaware company f/k/a Pura Vida Miami Inc., and OMER HOREV, )
)
)
)
)
Defendants. )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, WESLLEY BARBOSA ("Plaintiff") and other similarly situated individuals, sue the Defendants, PURA VIDA MIAMI LLC, PURA VIDA HQ LLC f/k/a Pura Vida Miami Inc., and OMER HOREV (collectively the "Defendants"), and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

3. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.



www.saenzanderson.com

1

4. PURA VIDA MIAMI LLC and PURA VIDA HQ LLC f/k/a Pura Vida Miami Inc. (the "Corporate Defendants"), and OMER HOREV (individually the "Individual Defendant"), are companies and a Florida resident, respectively, doing business in Miami-Dade, Florida.

5. Plaintiff worked for Defendants in Florida. Defendants, at all times material hereto, were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade, Florida.

6. Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Corporate Defendants are an integrated enterprise or an agent of each other.

7. Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Corporate Defendants are joint employers or an agent of each other. Alternatively, each company is an enterprise under the Act.

8. Upon information and belief, the Individual Defendant owns and manages the Corporate Defendants either individually, or through corporate entities under his direction or control.

**COUNT I: WAGE AND HOUR VIOLATION BY**
**<u>CORPORATE DEFENDANTS (OVERTIME)</u>**

9. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-8 above as if set out in full herein.

10. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as


www.saenzanderson.com

liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

12. Upon information and belief, the combined annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Alternatively, each corporate defendant's annual gross revenue was at all times material, in excess of $500,000 per year.

13. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those



www.saenzanderson.com

3

similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are a restaurant and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce.

14. Plaintiff was employed by the Corporate Defendants as a restaurant worker who performed work in multiple positions, some of which were tipped positions and some which were not. Specifically, over the years Plaintiff worked for the Corporate Defendants as dishwasher, maintenance worker, helper, busser, and food runner (i.e., restaurant worker).

15. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 50 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a restaurant worker performing the same or similar duties as that of those other similarly situated restaurant workers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

16. Plaintiff worked for the Corporate Defendants from approximately October 2015 until on or about May 27, 2020. In total, Plaintiff worked approximately 119 compensable weeks under the Act, or 119 compensable weeks if we count 3 years preceding the date of the filing of the instant action.[1]

17. During the relevant time period, the Corporate Defendants paid Plaintiff on average approximately $19.00 per hour, until around January 2020 when his salary was decreased to

---

[1] Plaintiff did not work from approximately July 2019 through approximately October 2019.



www.saenzanderson.com

4

approximately $14 per hour and then again reduced in March 2020 to approximately $10.00 per hour.

18. During the time Plaintiff worked as a restaurant worker for the Defendants, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

19. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

20. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is Twenty-Three Thousand Five Hundred Ten Dollars ($23,510.00), broken down as follows:

 A. **November 16, 2017 – December 31, 2019: $18,620.00**

  I. **Actual Damages:** $9,310.00

   a. <u>Calculation</u>: $19.00 (hourly pay) x .5 (overtime rate) x 10 (approximate number of overtime hours) x 98 (compensable weeks)[2] = $9,310.00

  II. **Liquidated Damages:** $9,310.00

 B. **January 1, 2020 – February 28, 2020: $1,120.00**

  I. **Actual Damages:** $560.00

   a. <u>Calculation</u>: $14 (hourly pay) x .5 (overtime rate) x 10 (approximate number of overtime hours) x 8 (compensable weeks) = $560.00

  II. **Liquidated Damages:** $ 560.00

---

[2] Plaintiff did not work from approximately July 2019 through approximately October 2019.



www.saenzanderson.com

5

    C. **March 1, 2020 – June 8, 2020: $1,300.00**

        I. **Actual Damages:** $650.00

           a. <u>Calculation</u>: $10 (hourly pay) x .5 (overtime rate) x 10 (approximate number of overtime hours) x 13 (compensable weeks) = $650.00

        II. **Liquidated Damages:** $650.00

    D. **Total Damages:** November 16, 2017 through June 8, 2020 = **$21,040.00 in unpaid wages plus reasonable attorneys' fees and costs of suit.**

21.    At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

22.    The Corporate Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.



www.saenzanderson.com

23. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

24. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

25. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: WAGE AND HOUR VIOLATION BY OMER HOREV (OVERTIME)

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.



www.saenzanderson.com

27. At the times mentioned, the Individual Defendant was, and is now, the Manager and/or Owner of the Corporate Defendants. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

28. The Individual Defendant is and was, at all times relevant, a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

29. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

30. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and



www.saenzanderson.com

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

Dated: November 16, 2020.

Respectfully submitted,

By: /s/ Tanesha Blye
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com
Yadhira Ramirez-Toro, Esquire
Fla. Bar No.: 120506
Email: yramirez@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com