UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 20-CV-24713-DPG

WESLLEY BARBOSA, and other similarly
situated individuals,

Plaintiffs,

v.

PURA VIDA MIAMI LLC, a Florida company;
PURA VIDA HQ LLC, a Delaware company f/k/a
Pura Vida Miami Inc., and OMER HOREV,

Defendants.

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS CASE
WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, WESLLEY BARBOSA ("Plaintiff"), and Defendants, PURA VIDA MIAMI LLC,

PURA VIDA HQ LLC, and OMER HOREV ("Defendants"), (collectively "the Parties"), pursuant

to *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982), jointly request

that this Court make a fairness finding approving the terms of the Parties' settlement of the above-

captioned matter and dismissing this case with prejudice.  The Parties' Settlement Agreement is

attached as **Exhibit "A"** (the "Agreement").

I.        **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which

claims under FLSA can be settled and released by employees.  First, 29 USC 216(c) of the FLSA

allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages

by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c);

*Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982).  Second, in the

context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against whom he alleges were his former employers, which was adversarial in nature.

The Agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and alleged wrongful termination and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a

reasonable compromise of the disputed issues.  Plaintiff and Defendants discussed (extensively) the Plaintiff's alleged status as an employee, they discussed subject matter jurisdiction and personal jurisdiction, the Plaintiff's alleged unpaid wages, his pay rate, the applicability of defenses, calculation of damages, and the applicable statute of limitations.  Based on these discussions, the Parties formulated their own proposed discovery and trial strategy, and settlement figures.

The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations and what they thought were their respective estimations should the case go to trial.

Later, the Parties voluntarily agreed to the terms of their settlement at the conclusion of their negotiations conducted during mediation and jointly prepared the Agreement.

## II.    Terms of Settlement

This case involved a claim for unpaid wages. The Plaintiff claimed that he worked for Defendants as an employee of the Defendants and that during the time he was employed he was not properly paid for all hours worked.  The Defendants adamantly deny Plaintiff's claims.

The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay, hours worked and time records.  Given the Parties' respective positions on the issues raised in the Amended Complaint, the Parties agree that they would incur great expense litigating these issues through trial.  Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendants, the Parties agree that a global payment of $30,000.00, payable to Plaintiff is a fair compromise.

As a result, the settlement agreed upon in this matter – total payment of $30,000.00 as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

    a.  $8,137.50 is attributable to overtime wages under the FLSA.

    b.  $8,137.50 as payment to Plaintiff for liquidated damages under the FLSA;

    c.  $1,000.00 as payment to Plaintiff for the wrongful termination under Fla. Stat. 440.205;

    d.  $725.00 in costs payable to Plaintiff's counsel as reimbursement for service of process costs and filing fees;

    e.  $12,000.00 payable to Plaintiff's counsel as attorney's fees.

The attorney's fees and costs concerning the above-styled action have been negotiated and will be paid *separately* from Plaintiff's recovery, as more set forth in the above-referenced breakdown for the $30,000 total settlement amount.  Counsel for Plaintiff further stipulates that the amount recovered by Saenz & Anderson, PLLC in attorney's fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf.  A copy of the declaration of the attorney of Saenz & Anderson, PLLC's that participated in the case and billing records in support of this motion is attached as **Exhibit "B"**.

The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations at mediation.  All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

III.    **Conclusion**

The Parties respectfully request that this Court approve the settlement between the Parties and dismiss the instant action with prejudice.  A copy of a proposed Order granting the instant motion is attached hereto as **Exhibit "C"**.

Respectfully submitted,

Dated: June 2nd, 2021.

**Yadhira Ramírez-Toro**
Yadhira Ramírez-Toro (FBN: 120506)
Email: yramirez@saenzanderson.com
Saenz & Anderson, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Attorneys for Defendant Omer Horev*
201 S. Biscayne Blvd., 27th Floor
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

By: ***Michael T. Landen***
**Marko F. Cerenko, Esq.**
Florida Bar No. 221501
*mcerenko@klugerkaplan.com*
**Michael T. Landen, Esq.**
Florida Bar No. 161144
*mlanden@klugerkaplan.com*

# EXHIBIT "A"

# SETTLEMENT, CONFIDENTIALITY & RELEASE AGREEMENT

**THIS SETTLEMENT, CONFIDENTIALITY & RELEASE AGREEMENT** (the "**Agreement**") is entered on the date the last party executes and delivers this Agreement the "**Effective Date**"), by and among Weslley Barbosa ("**Barbosa**"), on the one hand, and Pura Vida Miami, LLC ("**Pura Vida Miami**"), Pura Vida HQ, LLC ("**Pura Vida HQ**"), and Omer Horev ("**Horev**"), on the other.  Collectively, Pura Vida Miami, Pura Vida HQ and Horev shall be referred to herein as the "**Pura Vida Parties**".  Barbosa and the Pura Vida Parties shall collectively be referred to as the "Parties," and individually each is referred to as a "Party."

## RECITALS:

**WHEREAS**, Barbosa was employed by Pura Vida Miami during different time periods spanning from approximately October, 2015 through May 26, 2020;

**WHEREAS**, while employed by Pura Vida Miami, Barbosa filed a claim for workers' compensation benefits, Case No. 20-012484RLY (the "**Workers Compensation Case**"), which claim has separately been litigated;

**WHEREAS**, following the termination of his employment on or about May 26, 2020, Barbosa filed a lawsuit against Pura Vida Miami, Pura Vida HQ, and Horev, in the United States District Court for the Southern District of Florida, Case No. 1:20-cv-24713-DPG (the "**Lawsuit**");

**WHEREAS**, in the Lawsuit, Barbosa has asserted the following claims: Wage and Hour Violation (Counts I and II), Minimum Wage Violation (Counts III and IV), Discharge and Termination Claims (i.e., Retaliation Claims) (Counts V and VI) (collectively, the "**Claims**");

**WHEREAS**, the Pura Vida Parties vehemently deny the allegations and claims in the Lawsuit, and maintain that neither they nor any of their employees are guilty of any wrongdoing as it relates to Barbosa;

**WHEREAS**, on May 11, 2021, the parties to the Lawsuit voluntarily participated in mediation (the "**Mediation**") with mediator Jose O. Diaz, Esq. ("**Mediation Day**");

**WHEREAS**, the Parties desire to resolve all disputes and controversies that now exist between and among them with no admission of wrongdoing, as well as avoid all further proceedings, litigation and controversy whatsoever and to fully settle and compromise any and all matters in connection with the Lawsuit, including but not limited to, all claims, counter-claims, cross-claims and issues that have been raised or which could have been raised in the Lawsuit, which are or might be related to the Lawsuit, including but not limited to claims for contribution or indemnity and to set forth the terms and conditions of such settlement in this Agreement as set forth below.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the foregoing Recitals, mutual promises and covenants of the Parties set forth in this Agreement, and for other good and valuable consideration, the sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. <u>Recitals</u>. The Parties acknowledge and agree that the foregoing Recitals are true, accurate, and correct and the same are hereby incorporated by reference into this Agreement.

2. <u>Consideration to Barbosa</u>.

   (a) Barbosa shall receive from the Pura Vida Parties, collectively, the total sum of thirty thousand dollars ($30,000.00) (the "**Settlement Amount**") in full, complete and total satisfaction of all claims, causes of action, disputes, controversies, whether monetary and non-monetary, attorneys' fees, expenses and costs, asserted or which were or could have been asserted by Barbosa against the Pura Vida Parties and their employees, members, managers, companies, and subsidiaries, excluding breach of this Agreement.

   (b) The Settlement Amount shall be payable as follows: (i) $12,725.00 shall be applied to resolve Barbosa's claim for attorneys' fees and costs in the Lawsuit, for which amount Barbosa's counsel shall be issued a Form 1099; and (ii) $17,275.00 shall be applied to resolve Barbosa's overtime, minimum wage and retaliation claims in the Lawsuit for which amount Barbosa shall be issued a Form 1099.

   (c) Barbosa and his counsel shall be solely responsible for all issues related to the reporting or payment of taxes associated with the Settlement Amount, and the Pura Vida Parties shall bear no responsibility in this regard.

   (d) The Settlement Amount shall be paid in one check made payable to Barbosa's counsel's Trust Account within fifteen (15) days from the date the Parties receive an Order from the Court in the Lawsuit approving this Settlement Agreement and dismissing the Lawsuit with prejudice. Barbosa's counsel shall be responsible for disbursing Barbosa's share of the Settlement Amount, as set forth in Section 2(b) above.

   (e) In addition, the Pura Vida Parties agree to pay the fees associated with the Mediation, as payable to mediator Jose O. Diaz, Esq., with Barbosa bearing no further obligation to pay those mediation fees.

3. <u>Default and Cure.</u>   If either Party fails to comply with any of its obligations under Sections 2 or 5 or any other provision of this Agreement, counsel for the non-breaching Party shall provide written notice of breach to the breaching Party (the "**Breach Notice**") (pursuant to Section 8(s) of this Agreement). The breaching Party shall then have ten (10) days from the date of receipt of the Breach Notice to cure the breach (the "**Grace Period**") or provide written proof that no breach existed. If the breaching Party fails to cure any such breach within the Grace Period or fails to provide proof that no claimed breach existed, then the non-breaching Party shall have the right to seek Court intervention for the Court to enforce the terms of this

Agreement and compel the breaching Party to comply with the terms of this Agreement.

4.    Confidentiality.  Except as may be required by law or as otherwise permitted or expressly contemplated herein, the Parties and their respective affiliates, employees, members, managers, attorneys, past, present and future officers, agents, representatives, successors, assigns, and heirs covenant and agree that this Agreement shall be confidential, and they will not disclose, disseminate, or publish, directly or indirectly, specifically or generally, the terms of this Agreement to any person, corporation, association, or other entity, except as necessarily disclosed by the Parties: (a) to carry out or enforce the terms of this Agreement; (b) for use by their attorneys, boards of directors and/or trustees, accountants, insurers or business advisors; (c) to comply with any governmental or law enforcement agency or any regulatory organization having jurisdiction over some or all of the Parties; or (d) as and to the extent disclosure is affirmatively required by applicable law or as required pursuant to any lawfully issued subpoena or other legal process, provided that the Party receiving the subpoena or other lawful process gives prompt notice to the other Parties of such service.  In the event that any Party is required to disclose such information in order to comply with applicable law or regulations, such disclosure will be limited only to those who have a lawful right to know such information and at the time of such disclosure, the Party will extract, to the extent practicable, an additional agreement of confidentiality (that equates with the Parties' Settlement Agreement hereunder) from the person or entity to whom such disclosure is made.  The Parties to this Agreement expressly agree that, in the event of any breach of this paragraph, the aggrieved Party shall be entitled to recover any and all damages incurred by reason of such breach as well as its attorneys' fees and costs and shall be entitled to injunctive relief specifically enforcing this Agreement and prohibiting any further breaches.  The Parties agree that the totality of this confidentiality provision is effective immediately upon the signing of this Agreement and is not conditioned on the occurrence of any further act or event.

5.    Dismissal of the Lawsuit With Prejudice.  Within ten (10) days following the Effective Date, and provided Barbosa does not rescind his agreement hereto within seven (7) days, as discussed in Section 8 below, Barbosa shall file in the Lawsuit a  Joint Stipulation of Dismissal *With Prejudice* and Order of Dismissal (the "Stipulation and Order of Dismissal") to dismiss the Lawsuit with prejudice with each Party to bear its own attorneys' fees and costs, other than as set forth in this Agreement, and also submit the Order of Dismissal for execution by the court.

6.    Mutual Releases.

(a)    Barbosa's Release of the Pura Vida Parties.  In consideration of the foregoing provisions, the sufficiency of which consideration each Party hereto agrees is valid and binding, Barbosa and each of his agents, heirs, representatives, attorneys, beneficiaries, successors and assigns with respect to the Lawsuit (collectively the "**Barbosa Releasors**") do hereby release, waive, acquit, satisfy and forever discharge Pura Vida Miami, Pura Vida HQ, Horev and each and every one of their employees, agents, affiliates, subsidiaries, parent companies, members, shareholders, attorneys, principals, partners, officers, directors, managers, executors, administrators, heirs, beneficiaries, predecessors, appointees, successors and assigns (collectively, the "**Pura Vida Released Parties**"), from any and all causes and causes of action, claims, counterclaims, including but not limited to claims under the Fair Labor Standards Act,

DocuSign Envelope ID: 92ED7C5F-0539-4D35-81A1-0F7EC3575D3C

Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employment Retirement Income Security Act, as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, and all other local, state or federal laws, including but not limited to those relating to discrimination, denial or termination of any health benefit or benefits of any other kind, wrongful or constructive discharge, retaliatory discharge, breach of contract, wage claims, including but not limited to claims for bonuses, severance, vacation and overtime, wrongful or bad faith termination, defamation and other business or personal injury, demands, actions, suits of any kind or nature whatsoever, debts, sums of money, accounts, covenants, contracts, agreements, arrangements, promises, obligations, warranties, guarantees, trespasses, torts, injuries, losses, damages, both economic and non-economic (including, but not limited to, compensatory, punitive, and/or treble damages), known or unknown, foreseen or unforeseen, whether contractual or extra-contractual, whether in law or in equity, or before administrative agencies or departments or whether undiscovered, not reasonably discoverable or not matured, costs (including, but not limited to, attorneys' fees, expert fees, and out-of-pocket expenses) or other liability or relief of any nature whatsoever that Barbosa ever had, now has or hereafter can, shall or may have against the Pura Vida Released Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the Mediation Day including, but not limited to, all claims that were brought or could have been brought as well as any and all claims relating to any matter arising from facts or circumstances occurring on or before the Mediation Day relating to, directly or indirectly, the Lawsuit, except for the rights, duties and obligations as provided in this Agreement. The Parties expressly agree that this release does not apply to the claims asserted by Barbosa in the Workers' Compensation Case, which are exempted from this Agreement and this release. The Parties further agree that nothing in this Release shall prevent Barbosa from filing a claim for unemployment compensation, or any claim for vested benefits under any Employee Retirement Plan sponsored by Pura Vida Miami, or any rights or claims that by law cannot be released in this Agreement. The Barbosa Releasors further hereby represent that they have not assigned any of the past, present, or future causes of action or other claims which are meant to be released in favor of the Pura Vida Released Parties, and Barbosa is the sole owner of the respective rights being released hereby.

(b)     _Pura Vida's Release of Barbosa._  In consideration of the foregoing provisions, the sufficiency of which consideration each Party hereto agrees is valid and binding, the Pura Vida Parties do hereby release, waive, acquit, satisfy and forever discharge Barbosa, and his attorney, agents and representatives with respect to the Lawsuit (collectively, the "**Barbosa Released Parties**"), from any and all causes and causes of action, claims, counterclaims, including but not limited to claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employment Retirement Income Security Act, as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational

DocuSign Envelope ID: 92ED755F-0639-4D35-81A1-0F7FC3575D3C

Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, and all other local, state or federal laws, including but not limited to those relating to discrimination, denial or termination of any health benefit or benefits of any other kind, wrongful or constructive discharge, retaliatory discharge, breach of contract, wage claims, including but not limited to claims for bonuses, severance, vacation and overtime, wrongful or bad faith termination, defamation and other business or personal injury, demands, actions, suits of any kind or nature whatsoever, debts, sums of money, accounts, covenants, contracts, agreements, arrangements, promises, obligations, warranties, guarantees, trespasses, torts, injuries, losses, damages, both economic and non-economic (including, but not limited to, compensatory, punitive, and/or treble damages), known or unknown, foreseen or unforeseen, whether contractual or extra-contractual, whether in law or in equity, or before administrative agencies or departments or whether undiscovered, not reasonably discoverable or not matured, costs (including, but not limited to, attorneys' fees, expert fees, and out-of-pocket expenses) or other liability or relief of any nature whatsoever that the Pura Vida Parties ever had, now have or hereafter can, shall or may have against the Barbosa Released Parties for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of these presents including, but not limited to, all claims that were brought or could have been brought as well as any and all claims relating to any matter arising from facts or circumstances occurring on or before the date of this Agreement relating to, directly or indirectly, the Lawsuit, except for the rights, duties and obligations as provided in this Agreement. The Parties expressly agree that this release does not apply to the claims asserted by Barbosa in the Workers' Compensation Case, which are exempted from this Agreement and this release. The Pura Vida Parties further hereby represent that they have not assigned any of the past, present, or future causes of action or other claims which are meant to be released in favor of the Barbosa Released Parties, and the Pura Vida Parties are the sole owners of the respective rights being released hereby.

(c) Release Application. None of the releases set forth in this Agreement are intended to release any Party to this Agreement from any obligation created by this Agreement, or to preclude any Party to this Agreement from bringing an action to enforce this Agreement. Notwithstanding anything to the contrary set forth in this Agreement, the terms of this "Releases" section shall survive termination of the Agreement.

7.      <u>Effective Date of Releases</u>.  The Mutual Releases set forth in Paragraph 6(a) and (b) shall only become effective when payment of the Settlement Amount, as set forth in Paragraph 2, is made in full.

8.      <u>Miscellaneous</u>.

(a)      <u>Amendment</u>.  Neither this Agreement nor any of its provisions may be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by the Party against whom enforcement of the change, waiver, discharge, or termination is sought.  It is understood and agreed that all of the terms of this Agreement are contractual, not merely recitals, and may not be orally modified or changed.

(b)      <u>Waivers</u>.  The failure of a Party to require performance of any provision of this Agreement shall in no manner affect its right at a later time to enforce such provision.  No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Agreement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

(c)      <u>Counterparts</u>.   This Agreement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument. In making proof of this Agreement, it shall not be necessary to produce or account for more than one counterpart thereof signed by each of the Parties hereto.  Delivery of an executed counterpart of this Agreement by electronic .pdf format or telecopier shall have the same force and effect as delivery of an original executed counterpart of this Agreement.

(d)      <u>Survival</u>.  The representations, warranties, and covenants of the Parties contained in this Agreement shall survive indefinitely the consummation of the transactions described in this Agreement.  Without limiting the foregoing, this Agreement shall be applicable both before and after the commencement of any insolvency case by or against any Party and all converted and succeeding cases in respect thereof.   If any provision of this Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

(e)      <u>Interpretation</u>.  The headings preceding the text of Sections included in this Agreement are for convenience only and shall not be deemed part of this Agreement or be given any effect in interpreting this Agreement.  Neither of the Parties shall be considered the draftsman of this Agreement, and there shall be no presumption of construing ambiguities or interpretations under this Agreement against a particular Party**.** Each of the Parties has participated jointly in the negotiation and drafting of this Agreement.

(f)      <u>Applicable Law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the internal laws of the State of Florida without giving effect to the principles of conflicts of law thereof.

(g)     Assignment.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Agreement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of a court of law.

(h)     Severability.  If any provision of this Agreement shall be held invalid, illegal or unenforceable, the validity, legality or enforceability of the other provisions of this Agreement shall not be affected, and there shall be deemed substituted for the provision at issue a valid, legal and enforceable provision as similar as possible to the provision at issue.

(i)     Jurisdiction and Venue.  The Parties agree that only the United States District Court in and for the Southern District of Florida, Miami-Dade County, Florida, which is presiding over the Lawsuit, shall have exclusive jurisdiction to enforce and construe the provisions of this Agreement, and the Parties shall further requests that this Court retain jurisdiction to enforce the terms of this Agreement.

(j)     Prevailing Party Fees.  Each of the Parties shall bear its own costs and expenses (including legal fees and expenses) incurred in connection with the Lawsuit, the Mediation (other than as set forth in paragraph 2(e) above), and this Agreement and the transactions contemplated hereby.  The Parties agree that in the event of any proceedings or litigation related to the interpretation or enforcement of this Agreement ("**Settlement Litigation**"), the prevailing party in Settlement Litigation shall be entitled to recover from the other all reasonable fees, costs and expenses incurred by the prevailing party in relation to Settlement Litigation as determined by a court of competent jurisdiction, including all attorneys' fees, court costs and expert witness fees, whether incurred prior to Settlement Litigation, during Settlement Litigation or post-Settlement Litigation and including bankruptcy, mediation or arbitration proceedings, and in connection with any appeals.

(k)     Extension of Time Periods.  The Parties may, by written agreement signed by all parties, extend any date or time period set forth in this Agreement.

(l)     Advice of Counsel.  Each Party to this Agreement represents and warrants that it has consulted with competent counsel of their choosing in connection with this Agreement and prior to signing it, or that each Party has had the opportunity to consult with competent counsel of their choosing prior to signing this Agreement and has voluntarily relinquished the right to do so.

(m)     No Admission.  Nothing contained in this Agreement shall be construed against either party as a representation or admission of liability or concession of any matters as to any issue involved in the Action, or for any other purpose whatsoever.

(n)     Entire Agreement.  This Agreement represents and contains the entire agreement and understanding among the Parties hereto with respect to all issues raised or that could have been raised regarding the subject matter of this Agreement.  Each of the Parties acknowledge and agree that there are no written or oral communications or understandings contrary, different, or that in any way restrict this Agreement and all prior agreements or understandings within the scope of the subject matter of this Agreement are superseded in all

respects and are null and void upon the execution of this Agreement.  The Parties agree they will make no claim and waive any right they may have now or may have hereafter based upon any alleged oral alteration, amendment, modification or any other alleged change in the Agreement.

(o)     Authority. The individuals executing this Agreement in a representative capacity expressly represent and warrant that they are fully authorized and empowered to execute this Agreement on behalf of the Party on whose behalf they are signing, and each Party represents that no other persons, entities or parties in interest are required to execute this Agreement in order to effectuate the purpose and intent of this Agreement.

(p)     Successors and Assigns.  This Agreement shall be binding upon, and shall inure to the benefit of, the successors of the Parties, but shall not be assignable by any of the Parties unless agreed to in advance writing by the Party against whom any such assigned right might be enforced.

(q)     Additional Actions.  The Parties agree to take such additional actions, including the execution and delivery of any additional documents, reasonably necessary or desirable to effectuate the provisions and spirit of this Agreement and agree to cooperate in that regard.

(r)     Neutral Reference.  The Parties agree that in the event Pura Vida Miami receives a call from a prospective employer for Barbosa, Barbosa shall request that such call be directed to Horev.  Pura Vida Miami shall provide the prospective employer only with the dates of Barbosa's employment and his job title during his employment.

(s)     Notice.   All notices required or permitted to be given under this Agreement shall be in writing and shall be deemed delivered when personally delivered, received from an overnight delivery courier service, or emailed to the applicable addresses as follows:

If to the Pura Vida Parties:

Michael T. Landen, Esq.
and Marko Cerenko, Esq.
Kluger, Kaplan, Silverman, Katzen & Levine, P.L.
Citigroup Center, Suite 2700
201 S. Biscayne Blvd.
Miami, Florida 33131
mlanden@klugerkaplan.com
mcerenko@klugerkaplan.com


If to Barbosa:

R. Martin Saenz, Esq.
Yadhira Ramírez-Toro, Esq.
Saenz & Anderson PLLC

DocuSign Envelope ID: 92ED7C5F-0539-4D35-81A1-0F7FC3575D3C

20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
msaenz@saenzanderson.com
yramirez@saenzanderson.com

    (t)    <u>Mutual Non-Disparagement</u>. Barbosa and Horev agree that they will not disparage each other.

    9.    <u>Time to Consider/Consultation with Counsel</u>. Barbosa acknowledges that he has been given up to twenty-one days (21) days to consider whether to sign this Agreement, and that by signing this Agreement below, Barbosa has agreed to waive this twenty-one (21) day review period. Barbosa may revoke this Agreement at any time within seven (7) days following the date that he signs the Agreement. Any revocation within this period must state, "I hereby revoke my acceptance of the Settlement, Confidentiality & Release Agreement." The revocation must be personally delivered or transmitted via email and federal express to counsel for the Pura Vida Parties at the address provided above, within seven (7) days of Barbosa's execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired; that date is the Effective Date of this Agreement. If the last day of the revocation period is a Saturday, Sunday or legal holiday recognized in Florida, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday or legal holiday.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed and delivered as of the later date set forth below.

**PURA VIDA MIAMI, LLC**

By: _____
Name: _____
         Omer Horev
Title: _____
         President
Date: _____
         6/1/2021

**PURA VIDA HQ, LLC**

By: _____
Name: _____
         Omer Horev
Title: _____
         President
Date: _____
         6/1/2021

**[Signatures continue on the following page]**

**OMER HOREV**

_Omer Horev_

Date: _____6/1/2021_____


**WESLLEY BARBOSA**

_Weslley Barbosa_
Weslley barbosa (May 28, 2021 12:39 EDT)

Date: _____

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 20-CV-24713-DPG

WESLLEY BARBOSA, and other similarly
situated individuals,

        Plaintiffs,

v.

PURA VIDA MIAMI LLC, a Florida company;
PURA VIDA HQ LLC, a Delaware company f/k/a
Pura Vida Miami Inc., and OMER HOREV,

        Defendants.

**DECLARATION OF RUBEN MARTIN SAENZ AS TO ATTORNEY'S**
**FEES AND COSTS IN SUPPORT OF THE PARTIES' JOINT MOTION FOR**
**APPROVAL OF FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE**

    1.    My name is Ruben Martin Saenz.  I am the attorney of record for Plaintiff,

("Plaintiff").

    2.    I am over the age of eighteen (18) years and fully competent to testify as to the

matters set forth in this declaration.

    3.    This declaration is based on my personal knowledge of attorney's fees and costs to

be charged and collected, and upon my review of the books and records of Saenz & Anderson,

PLLC, made in the ordinary course of business and held under my supervision and control.

    4.    I am an owner of Saenz & Anderson, PLLC and have been a licensed and practicing

attorney since May 2003.  I practice primarily in Miami-Dade and Broward counties in the area of

employment law, including wage and hour law.  Throughout the years, I have successfully

litigated, I believe, over one thousand cases on behalf of employees fighting injustice at the workplace.

5.      I graduated from Syracuse University, College of Law in 2002. I have been a member of the Florida Bar since May of 2003.  I am a member of the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida and also, I am admitted to the US. Court of Appeals for the 11th Circuit.

6.      Since 2003, the primary focus of my practice has been employment law.

7.      Throughout my career, my practice has been in both state and federal courts.  I have consulted, litigated and tried multiple cases involving employees' rights under the FLSA, Title VII, the Florida Civil Rights Act of 1992, the Florida Whistleblower's Act, the Florida Worker's Compensation Act, the Family and Medical Leave Act of 1993 and other employee-related laws.

8.      I have been selected as a *Florida Rising Star* by the *Super Lawyers Magazine* in 2012, 2013 and 2014.  In 2019, I was listed as one of America's Top 100 High Stakes Litigators. Also, I have obtained one of the largest verdicts in Florida that I am aware of in a religious discrimination case.

9.      I have authored legal articles, chapters for Lexis, and the book written in Spanish titled "*My Rights as an Employee in the U.S., Part 1: The Basic Rights (2010)*".  Also, I have co-authored with my partner, Ilona D. Anderson, Esq, the book "How to File for Employment Discrimination with the Equal Employment Opportunity Commission (the EEOC)."

10.      My reputation and proven abilities have allowed me to maintain my practice through referrals from attorneys and from former and current satisfied clients.

11.     I have prepared (or collaborated in the preparation) and fully reviewed the motion for approval of settlement agreement in the instant action and I attest that the motion is well-grounded in fact and law.

12.     The attached billing and expense records specifically indicate the activity performed by my firm associate(s), our support team, and by the undersigned in prosecuting the above-styled action.  The referenced billing and expense records are attached hereto as **Exhibit 1** to this declaration.

13.     My firm's legal team are highly experienced in litigating employment matters, including cases under the FLSA.

14.      I believe the number of hours spent in the instant case was reasonable and necessary considering the nature of this litigation and all the circumstances surrounding it.

15.     My firm routinely bills all its FLSA cases for plaintiffs at the rate of $400.00 per hour for the professional services that are rendered.  My hourly rate of $400.00 per hour reflects my skill and experience in litigating employment cases and is reasonable considering the relevant legal marketplace.  My firm's attorneys, who helped me litigate this case under my supervision, also bill at the rate of $400.00 per hour or $250.00 per hour. Their relevant experience is highlighted in my firm's website (https://www.saenzanderson.com/attorneys/).

16.     My Senior Associate, Yadhira Ramírez-Toro, is a highly experienced attorney, having ample experience as a trial attorney in Civil Rights cases and labor and employment matters, including without limitation Title VII, ADA, and FMLA.

17.     Prior to joining Saenz & Anderson, PLLC, Ms. Ramírez-Toro practiced for nearly fifteen (15) years exclusively in the federal forum, representing officials from the executive, legislative and judiciary branches of the Commonwealth of Puerto Rico and the Government itself

in lawsuits before the U.S. District Court for the District of Puerto Rico, litigating multi-party, high-stakes cases. She is licensed to practice law in two jurisdictions, to wit: The Commonwealth of Puerto Rico and the State of Florida.

18.     Also, my associate Aron Smukler, Esq., who works under my supervision and control, bills at a rate of $250.00 per hour. He has experience litigating employment cases as he has been working for my firm first as a paralegal since August 2018 and then as an attorney at law since April 16, 2020.

19.     Based upon my experience, familiarity with rates charged by other lawyers, and fees awarded in similar litigation by federal district courts and state circuit courts in Florida, I believe that my rate (and that of those attorneys associated with my firm) of $400 per hour and $250 per hour is reasonable.

20.     I believe the work performed was done efficiently and effectively and that the time spent on that work was reasonable and not excessive.

21.     The undersigned is seeking compensation for attorneys' fees incurred on behalf of Plaintiff.  However, I specifically agree to reduce my total billing invoice to the amount indicated in the settlement agreement and in the motion for approval of the FLSA settlement agreement ($12,000.00) because I believe such reduction was necessary to help my client reach a favorable settlement in his case.

22.     In addition, my law firm has spent $725.00 on behalf of the Plaintiff.  The undersigned is seeking reimbursement in the amount of $725.00.

        UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DECLARATION AND THAT THE FACTS STATED IN IT ARE TRUE.

                                                        **R. Martin Saenz**
                                                        R. MARTIN SAENZ, ESQ.

# EXHIBIT "1"

Exhibit 1

**Saenz & Anderson, PLLC**
20900 NE 30th Avenue
Ste 800
Aventura, Florida 33180
United States
305-503-5131

 SAENZ & ANDERSON
A T T O R N E Y S   A T   L A W

**Weslley Barbosa**
75 Walnut St.
Everett, MA 02149

| | |
|---|---|
| **Balance** | $57,705.00 |
| **Invoice #** | 00336 |
| **Invoice Date** | June 1, 2021 |
| **Payment Terms** | Due on Receipt |
| **Due Date** | June 01, 2021 |

---

**Barbosa, Weslley vs. Pura Vida**

**Securely pay online with your credit card**
https://saenzlawfirm.mycase.com/xuyq2jzv  

## Time Entries

| Date | EE | Activity | Description | Rate | Hours | Line Total |
|---|---|---|---|---|---|---|
| 08/19/2020 | RS | Receive Client's Signed retainer; open file, review facts and create initial tasks for staff. | prepare proposed complaint and send letter to former counsel terminating services. | $400.00 | 1.80 | $720.00 |
| 08/21/2020 | DT | Update | Create label, update file. | $75.00 | 0.10 | $7.50 |
| 10/20/2020 | UL | Review | review tasks | $75.00 | 0.10 | $7.50 |
| 11/13/2020 | UL | Review | tasks send email | $75.00 | 0.10 | $7.50 |
| 11/16/2020 | AS | Review and Revise | Complaint | $250.00 | 0.15 | $37.50 |
| 11/16/2020 | AS | Draft and Finalize | locate defendants for service, draft summonses and civil cover sheet, and finalize complaint | $250.00 | 0.55 | $137.50 |
| 11/16/2020 | AS | File Complaint, Summonses, & Civil Cover Sheet | | $250.00 | 0.30 | $75.00 |
| 11/17/2020 | AGT | upload docs | Pleadings Notices | $75.00 | 0.15 | $11.25 |
| 11/17/2020 | AS | Receive & Forward | Summonses to RL for service | $250.00 | 0.10 | $25.00 |
| 11/17/2020 | AS | Receive and Review: | ECF No. 2 | $250.00 | 0.05 | $12.50 |
| 11/17/2020 | AS | Receive and Review: | ECF No. 4 | $250.00 | 0.05 | $12.50 |

| 11/17/2020 | RS | Review client's file and docket of events to determine status of case and analyze strategy and next step. | | $400.00 | 0.40 | $160.00 |
|---|---|---|---|---|---|---|
| 11/17/2020 | AGT | upload docs | Notices | $75.00 | 0.05 | $3.75 |
| 11/18/2020 | UL | File | ROS<br>add deadline | $75.00 | 0.15 | $11.25 |
| 11/18/2020 | AGT | upload docs | 2020-11-18 Return of Service Pura Vida HQ | $75.00 | 0.05 | $3.75 |
| 11/18/2020 | AS | Receive and Review: | ROS for PURA VIDA HQ LLC | $250.00 | 0.10 | $25.00 |
| 11/19/2020 | UL | Review | review uploads<br>add deadline<br>review tasks | $75.00 | 0.20 | $15.00 |
| 11/23/2020 | DT | Prepare and Send | Draft & send Notice & Certificate to YRT | $75.00 | 0.30 | $22.50 |
| 12/01/2020 | YR | Review client's file and docket of events to determine status of case and analyze strategy and next step. | | $400.00 | 0.80 | $320.00 |
| 12/01/2020 | YR | Draft and Finalize | statement of claim | $400.00 | 0.90 | $360.00 |
| 12/01/2020 | YR | File | statement of claim | $400.00 | 0.10 | $40.00 |
| 12/01/2020 | AGT | upload docs | 2020-12-01 Statement of Claim | $75.00 | 0.05 | $3.75 |
| 12/02/2020 | UL | Review | review uploads | $75.00 | 0.05 | $3.75 |
| 12/02/2020 | AS | Receive and Review: | ROS on Pura Vida Miami, LLC | $250.00 | 0.05 | $12.50 |
| 12/03/2020 | UL | upload docs | upload<br>invoice and ros<br>file ros<br>add deadline | $75.00 | 0.20 | $15.00 |
| 12/03/2020 | AGT | upload docs | 2020-12-03 Return of Service Pura Vida Miami LLC. | $75.00 | 0.05 | $3.75 |
| 12/07/2020 | YR | Telephone conference with opposing counsel re: | extension of time to answer complaint; initial offer of settlement | $400.00 | 0.10 | $40.00 |
| 12/07/2020 | AGT | upload docs | NOTICE OF APPEARANCE<br>2020-12-07 D's Unopposed MET to respond to P's Complaint | $50.00 | 0.05 | $2.50 |
| 12/07/2020 | YR | Receive, review and respond | email from OC with initial settlement offer | $400.00 | 0.10 | $40.00 |
| 12/07/2020 | YR | Receive and Review: | ECF 9 | $400.00 | 0.10 | $40.00 |
| 12/07/2020 | YR | Receive and Review: | ECF 10 | $400.00 | 0.10 | $40.00 |
| 12/07/2020 | YR | Receive and Review: | ECF 11 | $400.00 | 0.10 | $40.00 |
| 12/08/2020 | AGT | upload docs | 2020-12-07 PAPERLESS ORDER granting [10] MET | $50.00 | 0.05 | $2.50 |
| 12/08/2020 | UL | Reveiw | uploads<br>add contact info | $75.00 | 0.10 | $7.50 |

| Date | Init | Task | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|---|
| 12/16/2020 | UL | Review | tasks<br>follow up emails | $75.00 | 0.20 | $15.00 |
| 12/21/2020 | UL | upload docs | return of service status | $75.00 | 0.10 | $7.50 |
| 12/28/2020 | YR | Review client's file and docket of events to determine status of case and analyze strategy and next step. | | $400.00 | 0.55 | $220.00 |
| 12/28/2020 | YR | Edit /Revise/Finalize | certificate of interested persons | $400.00 | 0.40 | $160.00 |
| 12/28/2020 | YR | Edit /Revise/Finalize | notice of pendency of other actions | $400.00 | 0.15 | $60.00 |
| 12/28/2020 | YR | File | certificate of interested persons | $400.00 | 0.10 | $40.00 |
| 12/28/2020 | YR | File | notice of no pending actions | $400.00 | 0.10 | $40.00 |
| 12/28/2020 | AGT | upload docs | CERITIFICATE OF INTERESTED PERSONS NOTICE OF NO PENDENCY OF OTHER ACTIONS | $50.00 | 0.05 | $2.50 |
| 12/28/2020 | YR | Telephone conference with: | client re: settlement offer made by defendants; range for possible settlement | $400.00 | 0.65 | $260.00 |
| 12/28/2020 | YR | TC | client re: contact information; follow up on prior conversation re: mitigation of damages, work efforts | $400.00 | 0.10 | $40.00 |
| 12/28/2020 | YR | Receive, review and respond | OC's email requesting response to settlement offer | $400.00 | 0.10 | $40.00 |
| 12/28/2020 | YR | Receive, review and respond | email from co-counsel TWB re: possible counteroffer from plaintiff | $400.00 | 0.10 | $40.00 |
| 12/28/2020 | AGT | upload docs | 2020-12-28 ANSWER AND AFFIRMATIVE DEFENSES TO P's COMPLAINT. | $50.00 | 0.05 | $2.50 |
| 12/29/2020 | YR | Receive and Review: | ECF 14 | $400.00 | 0.20 | $80.00 |
| 01/14/2021 | YR | Receive, review and respond | email from OC requesting counteroffer | $400.00 | 0.10 | $40.00 |
| 01/14/2021 | YR | Review client's file and docket of events to determine status of case and analyze strategy and next step. | review orders issued by the court and client's documents | $400.00 | 0.50 | $200.00 |
| 01/14/2021 | YR | Confer with Co-Counsel | RMS re: case status, plan for discovery | $400.00 | 0.10 | $40.00 |
| 01/14/2021 | AS | Review and Confer | Review status of service & confer with YRT re service on individual defendant | $250.00 | 0.10 | $25.00 |
| 01/18/2021 | AS | Research and Confer | Locate individual defendant & confer with RL re service | $250.00 | 0.25 | $62.50 |
| 01/19/2021 | RS | Review client's file and docket of events to determine status of case and analyze strategy and next step. | | $400.00 | 0.40 | $160.00 |
| 01/19/2021 | YR | Prepare | supporting documents for plaintiff's statement of claim | $400.00 | 1.15 | $460.00 |

| 01/19/2021 | YR | Prepare and send email to opposing counsel re: | ECF No.5, plaintiff's statement of claim and supporting documents | $400.00 | 0.10 | $40.00 |
|---|---|---|---|---|---|---|
| 01/19/2021 | YR | Draft | motion for entry of default against Pura Vida Miami, LLC | $400.00 | 0.60 | $240.00 |
| 01/19/2021 | YR | Edit /Revise/Finalize | motion for entry of default against Pura Vida Miami, LLC | $400.00 | 0.65 | $260.00 |
| 01/19/2021 | YR | File | plaintiff's motion for entry of default against Pura Vida Miami, LLC | $400.00 | 0.10 | $40.00 |
| 01/20/2021 | AGT | upload docs | 2021-01-19 P's MOTION FOR ENTRY OF CLERK'S DEFAULT | $50.00 | 0.05 | $2.50 |
| 01/20/2021 | YR | Telephone conference with: | client re: facts supportive of worker's compensation retaliation claim | $400.00 | 1.20 | $480.00 |
| 01/20/2021 | UL | Correspondence | do letter to D do envelope scan upload | $75.00 | 0.15 | $11.25 |
| 01/20/2021 | YR | Review | client's file and documents | $400.00 | 0.55 | $220.00 |
| 01/20/2021 | AGT | upload docs | ANSWER and Affirmative Defenses to Complaint | $50.00 | 0.05 | $2.50 |
| 01/21/2021 | AGT | upload docs | 2021-01-21 Clerks Non-Entry of Default as to Pura Vida HQ LLC | $50.00 | 0.05 | $2.50 |
| 01/21/2021 | YR | TC | with office of W/C attorney for client | $400.00 | 0.10 | $40.00 |
| 01/21/2021 | YR | Telephone conference with: | Bram Gechtman, Esq., plaintiff's worker's compensation attorney | $400.00 | 0.25 | $100.00 |
| 01/21/2021 | UL | Review | case tasks send reminders | $75.00 | 0.15 | $11.25 |
| 01/21/2021 | YR | Telephone conference with: | client re: information gleaned from w/c attorney about case | $400.00 | 0.40 | $160.00 |
| 01/21/2021 | YR | Telephone conference with: | client re: retaliatory discharge from claim unpaid overtime; minimum wages owed | $400.00 | 0.70 | $280.00 |
| 01/21/2021 | AGT | upload docs | DEPOSITIONS | $50.00 | 0.10 | $5.00 |
| 01/21/2021 | YR | Draft | amended complaint | $400.00 | 2.45 | $980.00 |
| 01/22/2021 | YR | Draft | amended complaint | $400.00 | 2.05 | $820.00 |
| 01/25/2021 | AGT | upload docs | 2021-01-22 Deposition of Dr Hodor | $50.00 | 0.10 | $5.00 |
| 01/25/2021 | YR | Receive and Review: | email from client re: text messages exchanged with owner of restaurant | $400.00 | 0.10 | $40.00 |
| 01/25/2021 | YR | Text | receive and respond text messages from client | $400.00 | 0.20 | $80.00 |
| 01/25/2021 | YR | Receive and Review: | email from client re: text message in Portuguese | $400.00 | 0.10 | $40.00 |
| 01/25/2021 | YR | Text | from client re: explanation about email | $400.00 | 0.10 | $40.00 |
| 01/25/2021 | RS | Receive, Review and Docket | Order requiring JSR and certificate of interested parties. | $400.00 | 0.20 | $80.00 |
| 01/25/2021 | AGT | upload docs | PAPERLESS ORDER REQUIRING JOINT SCHEDULING REPORT AND PROPOSED SCHEDULING ORDER | $50.00 | 0.05 | $2.50 |
| 01/25/2021 | YR | Draft | amended complaint to include claims of minimum wages and FLSA retaliatory discharge | $400.00 | 4.05 | $1,620.00 |
| 01/26/2021 | YR | Receive and Review: | text message from client re: possible witnesses | $400.00 | 0.10 | $40.00 |
| 01/27/2021 | YR | Draft and REVISE | amended complaint | $400.00 | 5.55 | $2,220.00 |

| 01/27/2021 | YR | Telephone conference with: | client re: terms of amended complaint | $400.00 | 1.55 | $620.00 |
|---|---|---|---|---|---|---|
| 01/27/2021 | YR | Revise | amended complaint | $400.00 | 1.20 | $480.00 |
| 01/28/2021 | YR | Research | case law on Rule 15(a) | $400.00 | 2.00 | $800.00 |
| 01/28/2021 | YR | Draft | motion for leave to file amended complaint | $400.00 | 2.90 | $1,160.00 |
| 02/01/2021 | AS | Review and Confer | with YRT & RL re service on Omer Horev | $250.00 | 0.15 | $37.50 |
| 02/01/2021 | YR | Text | receive and response text message from client | $400.00 | 0.10 | $40.00 |
| 02/01/2021 | YR | TC | client re: clarify allegations for amended complaint | $400.00 | 0.85 | $340.00 |
| 02/01/2021 | YR | Edit /Revise/Finalize | draft of amended complaint | $400.00 | 3.30 | $1,320.00 |
| 02/01/2021 | YR | Prepare and send email to opposing counsel re: | draft of amended complaint and request to state consent or objection to the same | $400.00 | 0.10 | $40.00 |
| 02/03/2021 | YR | Draft | joint scheduling report and proposed scheduling order | $400.00 | 2.25 | $900.00 |
| 02/03/2021 | YR | Prepare and send email to opposing counsel re: | draft of JSR, proposed scheduling order, follow up on consent or objection to amended complaint | $400.00 | 0.10 | $40.00 |
| 02/03/2021 | YR | Receive, review and respond | email from OC requesting counteroffer | $400.00 | 0.15 | $60.00 |
| 02/03/2021 | YR | Edit /Revise/Finalize | plaintiff's Rule 26 initial disclosures | $400.00 | 1.25 | $500.00 |
| 02/03/2021 | YR | Prepare and send email to opposing counsel re: | plaintiff's Rule 26 initial disclosures | $400.00 | 0.10 | $40.00 |
| 02/03/2021 | UL | Review | case tasks follow ups upload | $75.00 | 0.20 | $15.00 |
| 02/04/2021 | YR | Receive, review and respond | email from OC re: Rule 26 conference | $400.00 | 0.10 | $40.00 |
| 02/05/2021 | YR | Prepare and send email to opposing counsel re: | confirm conference call; position on amended complaint | $400.00 | 0.10 | $40.00 |
| 02/05/2021 | YR | Receive, review and respond | email from OC notifying objection to filing of amended complaint | $400.00 | 0.10 | $40.00 |
| 02/05/2021 | YR | Prepare | for Rule 26 meeting | $400.00 | 0.45 | $180.00 |
| 02/05/2021 | YR | Telephone conference with opposing counsel re: | Rule 26 conference call with OC | $400.00 | 0.60 | $240.00 |
| 02/05/2021 | YR | Receive, review and respond | email from OC confirming phone conference; request for revisions to JSR and counteroffer | $400.00 | 0.10 | $40.00 |
| 02/05/2021 | YR | TC- Client- Status | worker's compensation case about to be settled and inquiry about implications for case in federal court; filing of amended complaint; recent counteroffer | $400.00 | 0.10 | $40.00 |
| 02/05/2021 | YR | Research | co-existence of FLSA retaliatory discharge and worker's compensation retaliation; damages available under statutes | $400.00 | 4.15 | $1,660.00 |
| 02/05/2021 | YR | Edit /Revise/Finalize | amended complaint | $400.00 | 0.20 | $80.00 |
| 02/05/2021 | YR | Edit /Revise/Finalize | leave to file amended complaint | $400.00 | 0.10 | $40.00 |

| 02/05/2021 | YR | Draft and Finalize | text of proposed order granting motion for leave to file amended complaint | $400.00 | 0.15 | $60.00 |
|---|---|---|---|---|---|---|
| 02/05/2021 | YR | File | leave to file amended complaint and attachments | $400.00 | 0.10 | $40.00 |
| 02/05/2021 | YR | Prepare and Send | email to Judge Gayles re: text of proposed order | $400.00 | 0.10 | $40.00 |
| 02/05/2021 | YR | Receive and Review: | email from OC re: new settlement offer | $400.00 | 0.10 | $40.00 |
| 02/05/2021 | AGT | upload docs | Plaintiff's MOTION to Amend/Correct complaint by Weslley Barbosa EXHIBIT A AMENDED COMPLAINT 2021-02-05 Proposed Order granting leave to file amended complaint | $50.00 | 0.10 | $5.00 |
| 02/05/2021 | YR | Prepare and send email to opposing counsel re: | rejection of settlement offer and most recent version of proposed scheduling order | $400.00 | 0.10 | $40.00 |
| 02/05/2021 | YR | Receive and Review: | email from OC | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Confer with Paralegal | UL re: service on individual defendant | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Receive and Review: | email from UL with list of attempts by process server to serve individual defendant | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Receive, review and respond | email from OC attaching drafts of JSR and text of proposed scheduling order | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | finalize | text of proposed scheduling order | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Edit | joint scheduling report per revisions made by defendant | $400.00 | 0.25 | $100.00 |
| 02/08/2021 | YR | Prepare and send email to opposing counsel re: | further edits to JSR | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Text | message to OC re: email sent | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Receive, review and respond | email from OC approving latest version of JSR | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | FInalize and FIle | JSR and text of proposed order | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Prepare and Send | email to Judge Gayles re: Word version of text of proposed order | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Receive, review and respond | email from OC re: best time to hold phone conference | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | AGT | upload docs | 2021-02-08 Certificate of Interested Persons and Corporate Disclosure Statement JSR PROPOSED SCHEDULING ORDER | $50.00 | 0.20 | $10.00 |
| 02/08/2021 | YR | Receive and Review: | ECF 20 | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Receive and Review: | ECF 22 | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Review | and corroborate sending of plaintiff's supporting documents to defendants | $400.00 | 0.15 | $60.00 |
| 02/08/2021 | YR | Prepare and send email to opposing counsel re: | incorrect assertion at ECF no. 22, averring that plaintiff failed to serve defendants with his supporting documents to the statement of claim | $400.00 | 0.15 | $60.00 |
| 02/08/2021 | YR | Receive, review and respond | email from OC regarding assertion made in response to the statement of claim | $400.00 | 0.10 | $40.00 |
| 02/08/2021 | YR | Receive and Review: | text message by OC | $400.00 | 0.10 | $40.00 |

| 02/09/2021 | AGT | upload docs | 2021-02-08 D's response to SOC | $50.00 | 0.05 | $2.50 |
|---|---|---|---|---|---|---|
| 02/09/2021 | YR | receive, review and respond to email from opposing counsel re: | revision to defendants' response to plaintiff's statement of claim | $400.00 | 0.10 | $40.00 |
| 02/09/2021 | AGT | upload docs | 2021-02-09 D's amended response to SOC | $50.00 | 0.05 | $2.50 |
| 02/09/2021 | YR | Receive and Review: | email from OC re: time available to hold phone conference | $400.00 | 0.10 | $40.00 |
| 02/09/2021 | YR | Prepare and send email to opposing counsel re: | time to hold phone conference | $400.00 | 0.10 | $40.00 |
| 02/09/2021 | YR | Receive and Review: | ECF No. 23 | $400.00 | 0.10 | $40.00 |
| 02/09/2021 | YR | Telephone conference with opposing counsel re: | acceptance of service of process on behalf of individual defendant; request to have settlement conference with Magistrate Judge | $400.00 | 0.15 | $60.00 |
| 02/09/2021 | YR | Draft | election to jurisdiction of Magistrate Judge | $400.00 | 0.30 | $120.00 |
| 02/09/2021 | YR | Prepare and send email to opposing counsel re: | draft of election to jurisdiction of Magistrate Judge | $400.00 | 0.10 | $40.00 |
| 02/09/2021 | YR | Text | message to OC re: document sent by email, election of jurisdiction by Magistrate Judge | $400.00 | 0.10 | $40.00 |
| 02/09/2021 | YR | Receive, review and respond | email from OC approving text of election to jurisdiction by magistrate judge | $400.00 | 0.10 | $40.00 |
| 02/09/2021 | YR | File | election to jurisdiction of magistrate judge | $400.00 | 0.10 | $40.00 |
| 02/09/2021 | AGT | upload docs | Joint Election to Jurisdiction for Final Disposition of Motions Clerks Notice to Filer re [23] Certificate of Other Affiliates/Corporate Disclosure Statement | $50.00 | 0.10 | $5.00 |
| 02/09/2021 | YR | Receive and Review: | defendants' time records | $400.00 | 0.10 | $40.00 |
| 02/09/2021 | YR | Receive and Review: | ECF No. 24 | $400.00 | 0.10 | $40.00 |
| 02/10/2021 | AS | Confer and Strategize | re service on individual defendant Horev | $250.00 | 0.10 | $25.00 |
| 02/10/2021 | YR | Prepare and Send | email to UL paralegal re: defendants' time records | $400.00 | 0.10 | $40.00 |
| 02/10/2021 | YR | Prepare and send email to opposing counsel re: | follow up on acceptance of service of process on behalf of individual defendant | $400.00 | 0.10 | $40.00 |
| 02/10/2021 | YR | Receive and Review: | update from process server regarding service on individual defendant | $400.00 | 0.10 | $40.00 |
| 02/10/2021 | YR | Receive, review and respond | email from OC notifying lack of authorization to accept service of process on behalf of individual defendant | $400.00 | 0.10 | $40.00 |
| 02/11/2021 | YR | Prepare and Send | email to UL paralegal re: update on service of individual defendant; affidavit from process server to accompany motion for extension of time to serve individual defendant and/or to serve by publication | $400.00 | 0.15 | $60.00 |
| 02/11/2021 | YR | Research & Review | case law on FRCP 4(m) and extension of time | $400.00 | 0.90 | $360.00 |
| 02/11/2021 | YR | Telephone conference with: | client re: update on settlement in worker's compensation case | $400.00 | 0.10 | $40.00 |
| 02/11/2021 | YR | Draft | motion for extension of time to serve defendant Omer Horev | $400.00 | 2.80 | $1,120.00 |

| 02/11/2021 | YR | Text | message from client re: time records produced by defendants | $400.00 | 0.10 | $40.00 |
|---|---|---|---|---|---|---|
| 02/12/2021 | YR | Text | from client re: request for case update | $400.00 | 0.10 | $40.00 |
| 02/12/2021 | YR | Telephone conference with: | client re: update on service of process of individual defendant; time records comparison | $400.00 | 0.20 | $80.00 |
| 02/15/2021 | YR | Phone conference with client | discrepancies between plaintiff's time records and time records produced by defendants | $400.00 | 0.65 | $260.00 |
| 02/16/2021 | UL | Service | follow up on service with process server | $75.00 | 0.05 | $3.75 |
| 02/16/2021 | YR | Receive and Review: | email from client re: comparison of time records from Jan 1, 2020 to March 31, 2020 | $400.00 | 0.10 | $40.00 |
| 02/16/2021 | UL | Review | case<br>tasks<br>follow up depos | $75.00 | 0.15 | $11.25 |
| 02/16/2021 | UL | File | ROS<br>add deadline | $75.00 | 0.10 | $7.50 |
| 02/16/2021 | AGT | upload docs | 2021-02-16 Return of Service on Omer Horev. | $50.00 | 0.05 | $2.50 |
| 02/16/2021 | YR | Receive and Review: | ECF 26 | $400.00 | 0.10 | $40.00 |
| 02/17/2021 | UL | Service | ROS | $75.00 | 0.05 | $3.75 |
| 02/17/2021 | YR | Receive and Review: | email from OC re: service of process not done on defendant Horev | $400.00 | 0.10 | $40.00 |
| 02/17/2021 | YR | Prepare and Send | email to UL paralegal re: instructions to find out whether service of process was done on individual defendant properly or not | $400.00 | 0.10 | $40.00 |
| 02/17/2021 | YR | Phone Conference | with UL paralegal re: service of process on individual defendant | $400.00 | 0.10 | $40.00 |
| 02/17/2021 | YR | Prepare and send email to opposing counsel re: | intent to confirm with process server whether individual defendant was properly served with process | $400.00 | 0.10 | $40.00 |
| 02/17/2021 | YR | Receive and Review: | email confirming that individual defendant was properly served with process | $400.00 | 0.10 | $40.00 |
| 02/17/2021 | YR | Phone conference with client | written analysis of time sheets | $400.00 | 0.10 | $40.00 |
| 02/17/2021 | YR | Prepare and Send | email to Jocelyn Aguilar re: possible need of sworn statement from process server | $400.00 | 0.10 | $40.00 |
| 02/17/2021 | YR | Prepare and send email to opposing counsel re: | confirmation received from process server regarding proper service on individual defendant | $400.00 | 0.10 | $40.00 |
| 02/18/2021 | YR | Receive, review and respond | email from OC re: video surveillance contradicting information given by process server | $400.00 | 0.10 | $40.00 |
| 02/18/2021 | YR | Prepare and Send | email to UL & JA, paralegals re: information provided by OC regarding faulty service on individual defendant | $400.00 | 0.10 | $40.00 |
| 02/18/2021 | YR | Receive and Review: | email from JA, paralegal re: information obtained from process server | $400.00 | 0.10 | $40.00 |
| 02/18/2021 | YR | Receive, review and respond | email from OC re: willingness of process server to render affidavit | $400.00 | 0.10 | $40.00 |
| 02/18/2021 | YR | Confer with Co-Counsel | RMS re: summons served on individual defendant; case strategy | $400.00 | 0.10 | $40.00 |
| 02/19/2021 | YR | Receive and Review: | email from OC re: question about stipulation of abiding by ECF 26 | $400.00 | 0.10 | $40.00 |
| 02/19/2021 | YR | Confer with Co-Counsel | RMS re: email from OC re: requesting the entry of a stipulation about abiding by ECF 26 | $400.00 | 0.10 | $40.00 |

| 02/19/2021 | YR | Text Message Client re: | case status update | $400.00 | 0.10 | $40.00 |
|---|---|---|---|---|---|---|
| 02/22/2021 | AGT | upload docs | D's RESPONSE in Opposition re [19] Plaintiff's MOTION to Amend/Correct complaint | $50.00 | 0.05 | $2.50 |
| 02/22/2021 | YR | Review and Strategize | ECF no. 27 | $400.00 | 0.55 | $220.00 |
| 02/22/2021 | YR | Research & Review | case law and legal arguments to draft reply to response in opposition to motion to amend complaint regarding common nucleus of operative facts between FLSA retaliation and worker's compensation retaliation | $400.00 | 1.30 | $520.00 |
| 02/22/2021 | UL | Review | uploads | $75.00 | 0.08 | $6.25 |
| 02/22/2021 | YR | Text Message Client re: | case update; summons served on Omer Horev, motion to dismiss filed by defendants | $400.00 | 0.10 | $40.00 |
| 02/23/2021 | YR | Draft | reply to response in opposition to motion for leave to file amended complaint | $400.00 | 0.95 | $380.00 |
| 02/23/2021 | YR | Receive and Review | email from OC re: follow up on request for affidavit from process server | $400.00 | 0.10 | $40.00 |
| 02/24/2021 | YR | Draft and Finalize | reply to respond in opposition to motion requesting leave to file amended complaint | $400.00 | 4.35 | $1,740.00 |
| 02/24/2021 | YR | File | reply to response in opposition to motion requesting leave to file amended complaint | $400.00 | 0.15 | $60.00 |
| 02/24/2021 | AGT | upload docs | 2021-02-24 P's REPLY TO D's RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT CLERK'S NOTICE | $50.00 | 0.05 | $2.50 |
| 02/24/2021 | YR | Receive and Review | ECF No. 28 | $400.00 | 0.10 | $40.00 |
| 02/24/2021 | YR | Receive and Review | ECF No. 29 | $400.00 | 0.10 | $40.00 |
| 02/25/2021 | UL | Review | uploads | $75.00 | 0.05 | $3.75 |
| 03/01/2021 | YR | Receive and Review | videos of process server at Pura Vida | $400.00 | 0.30 | $120.00 |
| 03/01/2021 | UL | Service of Process on Defendant(s) | upload videos send email | $75.00 | 0.20 | $15.00 |
| 03/01/2021 | YR | Prepare and send email to opposing counsel re: | videos and process server inquiry | $400.00 | 0.10 | $40.00 |
| 03/02/2021 | YR | Review | videos of process server | $400.00 | 0.30 | $120.00 |
| 03/02/2021 | YR | receive, review and respond to email from opposing counsel re: | response regarding service of process on individual defendant in light of surveillance videos | $400.00 | 0.10 | $40.00 |
| 03/02/2021 | YR | Receive and Review | email from OC notifying of intent to proceed with filing of motion | $400.00 | 0.10 | $40.00 |
| 03/04/2021 | YR | Text Message Client re: | from client re: case update | $400.00 | 0.10 | $40.00 |
| 03/04/2021 | YR | Receive and Review | ECF Nos. 30, 30-1, 30-2 | $400.00 | 0.25 | $100.00 |
| 03/05/2021 | AGT | upload docs | 2021-03-04 D's MOTION to Dismiss [1] Complaint | $50.00 | 0.05 | $2.50 |
| 03/05/2021 | UL | Review | case | $75.00 | 0.45 | $33.75 |
| 03/08/2021 | RS | Receive, Review and Docket | Defendant's motion to dismiss. | $400.00 | 0.40 | $160.00 |

| 03/10/2021 | YR | Review | transcript of deposition of Omer Horev (by workers' compensation attorney) | $400.00 | 1.15 | $460.00 |
|---|---|---|---|---|---|---|
| 03/11/2021 | YR | TC- Client- Status | call from client | $400.00 | 0.10 | $40.00 |
| 03/12/2021 | YR | Review | workers' compensation documents - releases, waivers, affidavits | $400.00 | 0.25 | $100.00 |
| 03/12/2021 | YR | Phone conference with client | terms of general release in workers' compensation case and other documents in settlement of workers' compensation case | $400.00 | 0.60 | $240.00 |
| 03/15/2021 | YR | Research & Review | case law on personal delivery of service of process | $400.00 | 3.45 | $1,380.00 |
| 03/15/2021 | YR | Draft | response in opposition to motion to dismiss | $400.00 | 6.30 | $2,520.00 |
| 03/16/2021 | YR | Telephone conference with: | client re: workers' compensation release documents | $400.00 | 0.15 | $60.00 |
| 03/16/2021 | YR | Draft and Finalize | statement under penalty of perjury by process server | $400.00 | 1.90 | $760.00 |
| 03/16/2021 | JA | email | Sent document to process server | $75.00 | 0.05 | $3.75 |
| 03/16/2021 | YR | Draft | response in opposition to motion to dismiss under Fed. R. Civ. Proc. 12(b)(5) | $400.00 | 3.50 | $1,400.00 |
| 03/17/2021 | UL | Call | call chambers | $75.00 | 0.10 | $7.50 |
| 03/17/2021 | JA | Call and Email | called multiple times to the process server and send email as reminder | $75.00 | 0.05 | $3.75 |
| 03/17/2021 | RS | Review | and approve declaration of process server. | $400.00 | 0.20 | $80.00 |
| 03/18/2021 | YR | Receive and Review | process server's statement under penalty of perjury | $400.00 | 0.10 | $40.00 |
| 03/18/2021 | JA | upload docs | Upload statement of perjury from process server | $75.00 | 0.05 | $3.75 |
| 03/18/2021 | UL | Review | case | $75.00 | 0.45 | $33.75 |
| 03/18/2021 | YR | Edit | response in opposition to motion to dismiss | $400.00 | 1.40 | $560.00 |
| 03/18/2021 | UL | Review | case tasks | $75.00 | 0.10 | $7.50 |
| 03/18/2021 | JA | Coordinate mediation | Started coordination of mediation | $75.00 | 0.05 | $3.75 |
| 03/18/2021 | YR | Prepare and send email to opposing counsel re: | Michael Landen re: inclusion of YouTube videos in response in opposition | $400.00 | 0.10 | $40.00 |
| 03/18/2021 | YR | Prepare and send email to opposing counsel re: | Marko Cerenko re: position as to inclusion of YouTube videos in response in opposition | $400.00 | 0.10 | $40.00 |
| 03/18/2021 | YR | receive, review and respond to email from opposing counsel re: | stating no objection to inclusion of YouTube videos in response in opposition to motion to dismiss for insufficient service of process | $400.00 | 0.10 | $40.00 |
| 03/18/2021 | YR | Confer with Co-Counsel | RMS re: draft of response in opposition | $400.00 | 0.25 | $100.00 |
| 03/18/2021 | YR | Edit /Revise/Finalize | response in opposition to motion to dismiss for insufficiency of service of process | $400.00 | 1.35 | $540.00 |
| 03/18/2021 | YR | File & Review | response in opposition to motion to dismiss and exhibit 1, statement under penalty of perjury | $400.00 | 0.10 | $40.00 |
| 03/18/2021 | YR | Receive and Review | email from OC re: acceptable mediators | $400.00 | 0.10 | $40.00 |
| 03/19/2021 | YR | Text | receive and review text from client | $400.00 | 0.10 | $40.00 |

| 03/19/2021 | YR | Telephone conference with: | client re: workers' compensation settlement documents; amendments to them; conference call to be held with counsel representing client in workers' compensation case | $400.00 | 0.20 | $80.00 |
|---|---|---|---|---|---|---|
| 03/19/2021 | YR | Review and Approve | and edit notice of selection of mediator | $400.00 | 0.10 | $40.00 |
| 03/19/2021 | UL | upload docs | 2021-03-18 RESPONSE in Opposition re [30] Defendant's MOTION to Dismiss | $75.00 | 0.05 | $3.75 |
| 03/19/2021 | YR | Receive, review, & strategize | ECF 32 | $400.00 | 0.30 | $120.00 |
| 03/22/2021 | RS | Review client's file and docket of events to determine status of case and analyze strategy and next step. | | $400.00 | 0.40 | $160.00 |
| 03/22/2021 | UL | Review | uploads | $75.00 | 0.10 | $7.50 |
| 03/22/2021 | AGT | upload docs | SCHEDULING ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE | $50.00 | 0.45 | $22.50 |
| 03/22/2021 | YR | Text Message Client re: | receive, review and respond text message of client re: status of settlement documents in workers' compensation case | $400.00 | 0.10 | $40.00 |
| 03/22/2021 | AGT | upload docs | PAPERLESS ORDER granting [19] Plaintiff's Motion to Amend Complaint. PAPERLESS ORDER denying as moot [30] Motion to Dismiss in light of the Amended Complaint. | $50.00 | 0.05 | $2.50 |
| 03/22/2021 | YR | Receive and Review | ECF No. 33 | $400.00 | 0.10 | $40.00 |
| 03/22/2021 | YR | Receive and Review | ECF No. 34 | $400.00 | 0.10 | $40.00 |
| 03/22/2021 | YR | Edit/Revise/Finalize/File | amended complaint | $400.00 | 0.35 | $140.00 |
| 03/22/2021 | YR | Receive and Review | email from OC re:dates for mediation with mediator Karen Evans | $400.00 | 0.10 | $40.00 |
| 03/23/2021 | UL | Correspondence | letter to client advising trial scan upload do envelope send | $75.00 | 0.15 | $11.25 |
| 03/23/2021 | JA | email | email to client to inform about trial | $75.00 | 0.05 | $3.75 |
| 03/23/2021 | YR | Telephone conference with: | client re: case update | $400.00 | 0.55 | $220.00 |
| 03/23/2021 | UL | Review | uploads | $75.00 | 0.10 | $7.50 |
| 03/25/2021 | YR | receive, review and respond to email from opposing counsel re: | date of mediation; inquiry about mediators | $400.00 | 0.10 | $40.00 |
| 03/26/2021 | YR | receive, review and respond to email from opposing counsel re: | selection of Jose Diaz as mediator | $400.00 | 0.10 | $40.00 |
| 03/30/2021 | YR | receive, review and respond to email from opposing counsel re: | status of dates set aside for mediation | $400.00 | 0.10 | $40.00 |

| 03/31/2021 | YR | Text | respond to text message from client re: status of settlement documents | $400.00 | 0.10 | $40.00 |
|---|---|---|---|---|---|---|
| 04/01/2021 | AGT | upload docs | Defendant's MOTION to Dismiss [35] Amended Complaint/Amended Notice of Removal by Omer Horev EXHIBITS | $50.00 | 0.05 | $2.50 |
| 04/01/2021 | UL | Mediation | coordinate | $75.00 | 0.10 | $7.50 |
| 04/01/2021 | YR | Receive and Strategize | ECF no. 36 | $400.00 | 0.45 | $180.00 |
| 04/01/2021 | YR | Receive and Review | email from OC re: date chosen for mediation | $400.00 | 0.10 | $40.00 |
| 04/01/2021 | RS | Receive, review, docket and analyze trial and discovery strategy based on document reviewed re: | Motion to dismiss on behalf of individual. | $400.00 | 0.60 | $240.00 |
| 04/05/2021 | UL | Review | review case tasks deadlines reminders | $75.00 | 0.40 | $30.00 |
| 04/05/2021 | YR | Edit/Revise/Finalize/File | notice of filing text of proposed order scheduling mediation | $400.00 | 0.75 | $300.00 |
| 04/05/2021 | YR | Prepare and Send | email to Judge Gayles re: Word version of text of proposed order scheduling mediation | $400.00 | 0.10 | $40.00 |
| 04/05/2021 | AGT | upload docs | NOTICE OF FILING PROPOSED ORDER SCHEDULING MEDIATION | $50.00 | 0.05 | $2.50 |
| 04/05/2021 | AGT | upload docs | ORDER SETTING DISCOVERY PROCEDURES | $50.00 | 0.05 | $2.50 |
| 04/06/2021 | AGT | upload docs | 2021-04-05 D's ANSWER AND AFFIRMATIVE DEFENSES TO P's AMENDED COMPLAINT | $50.00 | 0.05 | $2.50 |
| 04/06/2021 | RS | Receive, review, docket and analyze trial and discovery strategy based on document reviewed re: | answer to amended complaint. | $400.00 | 0.60 | $240.00 |
| 04/06/2021 | UL | Review | uploads | $75.00 | 0.10 | $7.50 |
| 04/07/2021 | UL | Correspondence | litigation damages letter do envelope scan upload send | $75.00 | 0.15 | $11.25 |
| 04/07/2021 | UL | Correspondence | letter to client do envelope scan upload send | $75.00 | 0.10 | $7.50 |
| 04/08/2021 | RS | Review | client's worker's compensation documents to make sure he is not releasing our claims in court and potentially with EEOC. | $400.00 | 1.90 | $760.00 |
| 04/12/2021 | UL | Review | uploads | $75.00 | 0.05 | $3.75 |
| 04/14/2021 | YR | Draft | response in opposition to motion to dismiss amended complaint for insufficient service of process | $400.00 | 7.90 | $3,160.00 |
| 04/15/2021 | YR | FInalize and FIle | response in opposition to motion to dismiss amended complaint | $400.00 | 6.35 | $2,540.00 |
| 04/16/2021 | AGT | upload docs | 2021-04-15 P's RESPONSE IN OPPOSITION TO D's MTD AMENDED COMPLAINT EXHIBIT | $50.00 | 0.05 | $2.50 |

| 04/20/2021 | UL | Review | review case | $75.00 | 0.30 | $22.50 |
|---|---|---|---|---|---|---|
| 04/26/2021 | YR | receive, review and respond to email from opposing counsel re: | position as to filing of reply to response in opposition to motion to dismiss | $400.00 | 0.10 | $40.00 |
| 04/27/2021 | AGT | upload docs | DEFENDANT OMER HOREV'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS DEFENDANT OMER HOREV'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS | $50.00 | 0.05 | $2.50 |
| 04/27/2021 | UL | Review | case tasks | $75.00 | 0.15 | $11.25 |
| 04/28/2021 | UL | Review | case | $75.00 | 0.10 | $7.50 |
| 05/04/2021 | YR | Receive and Review | ECF 42 & 43 | $400.00 | 0.65 | $260.00 |
| 05/04/2021 | YR | Edit | plaintiff's first set of interrogatories to defendants | $400.00 | 1.15 | $460.00 |
| 05/05/2021 | UL | Mediation | review follow up reconfirm | $75.00 | 0.40 | $30.00 |
| 05/05/2021 | YR | Edit /Revise/Finalize | plaintiff's RFA and RPD addresses to all defendants | $400.00 | 4.60 | $1,840.00 |
| 05/05/2021 | YR | Prepare and send email to opposing counsel re: | plaintiff's written discovery requests | $400.00 | 0.10 | $40.00 |
| 05/05/2021 | YR | Receive and Review | offers of judgment made by defendants as to counts I, III and V and by codefendant Pura Vida HQ | $400.00 | 0.35 | $140.00 |
| 05/07/2021 | UL | Discovery requests | upload add deadline | $75.00 | 0.15 | $11.25 |
| 05/07/2021 | YR | Telephone conference with: | client re: preparation for mediation | $400.00 | 0.30 | $120.00 |
| 05/11/2021 | YR | Attend | mediation | $400.00 | 9.10 | $3,640.00 |
| 05/12/2021 | YR | Draft | joint motion for approval of FLSA settlement agreement, declaration under penalty of perjury and text of proposed order | $400.00 | 3.10 | $1,240.00 |
| 05/12/2021 | AGT | upload docs | PAPERLESS ORDER administratively closing case in light of [44] the Mediation Report, which indicates that this matter has settled in full | $50.00 | 0.05 | $2.50 |
| 05/13/2021 | UL | Review | uploads | $75.00 | 0.05 | $3.75 |
| 05/14/2021 | UL | settlement | w9 forms | $75.00 | 0.25 | $18.75 |
| 05/18/2021 | YR | Prepare and send email to opposing counsel re: | draft of joint motion for dismissal of FLSA complaint and inquiry about status of draft of settlement agreement | $400.00 | 0.10 | $40.00 |
| 05/19/2021 | YR | Receive and Review | email from OC re: draft of settlement agreement | $400.00 | 0.10 | $40.00 |
| 05/19/2021 | YR | Receive and Review | text message from client re: 1099 | $400.00 | 0.10 | $40.00 |
| 05/19/2021 | YR | Confer with Client | need to provide tax identification number | $400.00 | 0.25 | $100.00 |
| 05/19/2021 | YR | Receive and Review | text message from client re: tax identification number | $400.00 | 0.10 | $40.00 |
| 05/20/2021 | UL | calling client | w9 form | $75.00 | 0.20 | $15.00 |

| 05/20/2021 | UL | calling client | w9<br>send to oc | $75.00 | 0.10 | $7.50 |
|---|---|---|---|---|---|---|
| 05/20/2021 | YR | TC | with client re:review of terms of settlement agreement | $400.00 | 1.05 | $420.00 |
| 05/20/2021 | YR | Edit | draft of settlement agreement prepared by defendants | $400.00 | 0.85 | $340.00 |
| 05/20/2021 | YR | Prepare and send email to opposing counsel re: | revised draft of settlement agreement | $400.00 | 0.10 | $40.00 |
| 05/21/2021 | YR | Receive and Review | email from OC containing objections to joint motion for dismissal of FLSA case | $400.00 | 0.10 | $40.00 |
| 05/21/2021 | YR | receive, review and respond to email from opposing counsel re: | requesting document showing SS of plaintiff | $400.00 | 0.10 | $40.00 |
| 05/21/2021 | YR | receive, review and respond to email from opposing counsel re: | identity of holder of TIN | $400.00 | 0.10 | $40.00 |
| 05/21/2021 | YR | Receive and Review | email from OC requesting documentation supporting TIN | $400.00 | 0.10 | $40.00 |
| 05/21/2021 | YR | Text Message Client re: | copy of document granting TIN | $400.00 | 0.10 | $40.00 |
| 05/21/2021 | YR | Receive and Review | copy of IRS document granting TIN | $400.00 | 0.10 | $40.00 |
| 05/21/2021 | YR | Prepare and send email to opposing counsel re: | copy of IRS document granting TIN | $400.00 | 0.10 | $40.00 |
| 05/25/2021 | YR | Edit /Revise/Finalize | joint motion for approval of FLSA settlement agreement | $400.00 | 0.35 | $140.00 |
| 05/25/2021 | YR | Prepare and send email to opposing counsel re: | revised version of joint motion for approval of settlement agreement incorporating OC observations | $400.00 | 0.10 | $40.00 |
| 05/27/2021 | YR | Prepare and send email to opposing counsel re: | update on settlement agreement | $400.00 | 0.10 | $40.00 |
| 05/27/2021 | YR | receive, review and respond to email from opposing counsel re: | status of settlement agreement | $400.00 | 0.10 | $40.00 |
| 05/28/2021 | YR | Receive and Review Email re: | from OC re: acceptance of revisions to settlement agreement | $400.00 | 0.10 | $40.00 |
| 05/28/2021 | YR | Finalize & Send | final version of settlement agreement for client's signature | $400.00 | 1.10 | $440.00 |
| 06/01/2021 | UL | upload docs | | $75.00 | 0.05 | $3.75 |
| 06/01/2021 | YR | Receive and Review | email from OC with fully executed settlement agreement | $400.00 | 0.10 | $40.00 |
| 06/01/2021 | YR | Text | message from client re: request for update | $400.00 | 0.10 | $40.00 |
| 06/01/2021 | YR | finalize | joint motion for approval of FLSA settlement | $400.00 | 0.75 | $300.00 |

Totals:   **151.18**   **$56,980.00**

## Expenses

| Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|

| 11/16/2020 | AS | File Complaint & Summonses | | $400.00 | 1.0 | $400.00 |
|---|---|---|---|---|---|---|
| 11/16/2020 | AS | Flat fee for copying and postage per retainer agreement | | $100.00 | 1.0 | $100.00 |
| 11/17/2020 | TAG | Service of Process on Defendant(s) | To be served on: PURA VIDA HQ, LLC. C/O COGENCY GLOBAL, INC. | $120.00 | 1.0 | $120.00 |
| 12/01/2020 | TAG | Service of Process on Defendant(s) | To be served on: PURA VIDA MIAMI, LLC. C/O ADAMA HOSPITALITY | $35.00 | 1.0 | $35.00 |
| 02/11/2021 | TAG | Service of Process on Defendant(s) | To be served on: OMER HOREV | $70.00 | 1.0 | $70.00 |

Expense Total: **$725.00**

| | |
|---|---|
| Time Entry Sub-Total: | $56,980.00 |
| Expense Sub-Total: | $725.00 |
| **Sub-Total:** | $57,705.00 |
| | |
| **Total:** | $57,705.00 |
| **Amount Paid:** | $0.00 |
| **Balance Due:** | $57,705.00 |

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 20-CV-24713-DPG

WESLLEY BARBOSA, and other similarly
situated individuals,

                 Plaintiffs,

v.

PURA VIDA MIAMI LLC, a Florida company;
PURA VIDA HQ LLC, a Delaware company f/k/a
Pura Vida Miami Inc., and OMER HOREV,

                 Defendants.

## ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF
## <u>FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE</u>

      THIS CAUSE arose before the Court on Plaintiff's Unopposed Motion for Approval of

FLSA Settlement and to Dismiss Case with Prejudice (ECF No. _____).  The above-styled action

arose pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and, therefore, requires

Court Approval. *Lynn's Food Stores, Inc. v. United States,* 679 F. 2d 1350, 1353 (11th Cir. 1982)

("When employees bring a private action for back wages under the FLSA, and present to the

district court a proposed settlement, the district court may enter a stipulated judgment after

scrutinizing the settlement for fairness").  This Court, being fully advised in the premises, and

upon review of the settlement agreement between the parties, hereby approves the settlement of

the wage and hour claims as outlined in Plaintiff's Unopposed Motion for Approval of FLSA

Settlement and to Dismiss Case with Prejudice and its attached settlement agreement.

Pursuant to Plaintiff's Unopposed Motion for Approval of FLSA Settlement and to Dismiss Case with Prejudice, this case is hereby dismissed with prejudice.  The Court shall retain jurisdiction to enforce the terms of the parties' settlement agreement and to award attorney's fees and costs in connection with such enforcement.

**DONE AND ORDERED** in Chambers at the United States District Courthouse for the Southern District of Florida in _____ County, Florida this day of _____, 2021.

_____
U.S. DISTRICT JUDGE

Copies furnished to:
U.S. Magistrate Judge _____
Counsel of Record